Corporation v. The Stanley Works, 2010-14-05 When you're ready, Ms. McComas. May it please the Court, I'm Debbie McComas. I represent the appellate Zircon Corporation. Zircon owns the 091 patent on a stud finder invention. And the stud finder generally finds both the center and the edge of a stud, usually behind sheetrock in a wall. It does this by measuring and comparing capacitance, that's the electrical charge, of two separate conductive plates to locate the stud hiding behind the wall. The most technical definition of that is in column 4 of the specification. The issue before this Court is whether the term ratio, as used throughout the 091 patent, means either a result of dividing two values, that's what Stanley urges and that's what the District Court found, or does it mean something broader? The relation in degree and number between two similar things. It's about whether a ratio is within a certain range, like 0.9 to 1.1, and that has no units. If we were subtracting 2 feet from 6 feet, we would end up with 4 feet. But if we're dividing 6 by 2, we end up with 3, no units. Well, there are no units in the claim, and so doesn't ratio have to be division here rather than possibly subtraction? No, because the numbers, the ranges that you're finding in the claims are in claims that are specifically comparing division, or using division to compare, as opposed to using subtraction to compare. Division exists in this patent as one method, but so does subtraction, so do lookup tables. I think everybody can see subtraction exists in the specification, so the question is, where in the specification do you refer to the word ratio when talking about the subtraction methodology? Well, I would argue that ratio isn't talking about division exactly either. If I can work from the claim and work backwards, it might make more sense. If you start with claim 21 as the example, and in our brief at page 16, we started talking about claim 21, and we put Stanley's definition in and said it doesn't really make sense. But if you do the same thing with Zircon's definition, I think I can help explain and then work backwards to the specification. Claim 10 says computing a ratio and determining whether the relation is within a predetermined range. If you put Zircon's definition in there, and you say determining the relation in degree or number between the first and second capacitances, determining whether the relation is within a predetermined range, then claim 19, which depends on 10, then gives you another limitation. In claim 19, it says the determination of the relation between the first and second capacitances comprise in comparing. So the way we're going to compute the ratio, which has to be the broadest term because it's in claim 10 that everything else depends on, the way you compare that is in claims 21 and 22. Claim 21 does it by taking the difference. Claim 22 does it by dividing. Okay, can we go back to my question now? Can you tell me where in the specification do you use the word ratio in connection with the description of the subtraction methodology? I think in the specification, the place, and again, it's going to take me a minute to get there, but I'm trying. If you look at column 14, lines 50 through 66, what that talks about is it talks about the specification discloses a comparison circuit may compute a ratio. So you have to start way up at line 50. In there, it talks about computing a ratio, and it's going to be very similar to what I just read you between claim 10, 19, and 21. And then it goes on to explain that the comparison circuit locates the center of a stud when the capacitance measurements are equal. Well, wait, wait, wait, 50 to 60, is that what you said? I think it's 50 to 66. Let me see. That's what I have in my notes. Does that not look right? Where is the word ratio in that section of the specification? Just a second. Column 14, I'm up at 40, and if you start at 49, for example, the comparison circuit may compute a ratio between the capacitive measurements. We're talking about this, if you go up, we're describing figure 12, right, in column 14. It starts by the comparison circuit may compute a ratio. The next paragraph, so now I'm jumping down to 56. The comparison circuit that was just discussed as may compute a ratio may compare and or process the capacitance measurements. Capacitance measurements may be considered equal when they are within a predetermined percentage value or absolute value from each other. So what I'm saying is computer ratio is not used directly with subtraction, but I'm saying computer ratio is also not meaning division. Computer ratio is a broader term. The meaning of the word ratio indicates a numerator and a denominator. Now, a patentee can be his own lexicographer, but not contrary to the plain accepted meaning of language unless it is very clear. We define ratio as meaning division or subtraction. That's not in this specification. In this case, I think there's more than one plain meaning of the term ratio, and we both gave dictionary definitions. Is that what's called new math? I don't know. I've tried my kid's math, and I can't do that either, but if you look at the dictionary, there's a definition that makes sense in this context, and it's a broader definition, and it's not the narrow or mathematical definition. It's one that really means you take the relation, and when I sit and look at these claims, and I look at claim 21, claim 16 is the same. It talks about computing a ratio and taking, it doesn't actually say taking the difference, but it says computer ratio and compare capacitance to find the greater of the two. In those instances, particularly the one I just walked you through with claim 21, it just doesn't make sense if computer ratio itself means divide. If that means a proportion in every instance, those claims don't work together, but it does if you take the dictionary definition that says the relation between the two, and that's what I was trying to walk through with the claim, and the specification I think will get you there the same way, the one we were just reading, for instance. Why did you amend this? I mean, it originally was drafted in a very broad way that would have covered both division and subtraction. Why change it? Well, interestingly, the subtraction never changed. Right? What's now claim 21 never changed. It always depended on 19. If you look carefully at the two, at what is now claim 19, which is the claim that was then dependent on claim 1, what was different between it and original claim 1 was that it actually had a narrowing limitation, and this helps if I can quote it to you. It has a narrowing limitation that didn't exist in claim 1, and that is that the two plates have to be approximately equal. So it made sense, and it was consistent to make that depend on claim 1 because claim 1 was always broader. The only difference between claim 1 and what, original claim 1 and what is now claim 21, was really that the two were approximately equal, which is a limitation. That's why it was changed. Never in the prosecution history, never did the term computing a ratio change, did the claims that depended, I mean the dependent claims and the structure between claim 21, what's now claim 21 and 22, none of that changed, and they always depended on claim 19. So that subtraction and division as alternatives for comparing a capacitance to compute a ratio always existed. So if I can jump back quickly to the specifications, we all can see that the specification discloses subtraction. My point is that the element of computing a ratio is a different element than comparing the capacitance, which is subtraction. And if you accept that computing a ratio means something broader than just division, then it makes sense that the way you compare that, a limiting claim, dependent claim, would then subtract to make that comparison. Except some of the claims, if you look at claim 19, it talks about computing a ratio and then comparing. And you have other claims that have them reversed. Claim 20 talks about comparing and then computing a ratio. This is the strangest group of claims that I've seen. And I will say, I lost a little sleep over that one trying to work through those, but it works, it makes sense if you use our definition and computing a ratio is the relation between the two. And the way I read 19 and the difference with 19 is it's a broader claim, obviously, than 21 or 22, and it's comparing. Claim 20 compares, and I think the point there was that you're detecting an edge. And that's the difference between claim 10. But I also, if you look at and compare this with, say, for example, column 7 in specifications, lines 27 through 34, and then again at 19, lines 30 through 33, there there's a description of comparing capacitance measurements and finding the center of the stud when the measurements are equal, or alternatively, approximately equal to unity. And we know that approximately equal to unity is division, so equal should mean something different. And it's, those are consistent with kind of what I've been trying to map out that I think is consistent with the transition between claim 10, claim 19, and claim 21. In this context, it's the same thing. You're talking about computing a ratio as a very broad concept, and then you talk about different methods of doing that, and within that context, there's always different ways to get there. One is division. One is subtraction. So for computing a ratio to mean division itself, it doesn't work in the context of the claim or the specification or the prosecution history. Now, there's one more example. If you take the examples that Stanley cited in their briefing from the specification where they say ratio means division, that's not what the spec is saying. The spec in each instance is saying maybe, the ratio may be computed, and it may be computed by division. So if, or a ratio may, you may compute a ratio by dividing. If ratio means division, there would be no reason to spell out those extra steps and explain it. Well, we only use subtraction when it comes to determining how much time you have left. I was going to the same place. You can either save it or use it. I reserve it, thank you. Okay. Mr. Collins. May it please the Court, Brian Collins, on behalf of the Stanley Work Group, now known as Stanley Black and Decker. As is fairly clear with this case, there's really no dispute about a lot of issues. There's division described as a ratio. Well, something is a word ratio in an uncommon manner. There's a little dictionary definition that allows a little daylight. Well, first of all, there's the two dictionary definitions. What we're dealing here with is a processor in a circuit that, you know, it computes an algorithm. So it makes sense to follow the mathematical definition, which is exactly what the district court said. As to the other issue, if they're going to use a special or amorphous definition, their duty is to have a manifest definition to be their own lexicographer. If they want to vary ratio to mean something different, it is their obligation to make it clear in the specification. You didn't offer any expert testimony saying one skilled in the art would understand it only in a mathematical sense, did you? Actually, we use the mathematical definition. We use a number of extrinsic evidence, treatises explaining and expert electrical engineering definitions to show how it's used in the circuit context. And it's always used in the context of a division operation. The answer is you didn't have any expert testimony. We did not use an expert. Neither side did. And what about her discussion of Figure 12? Council points to Column 14 of the patent. Column 14 of the patent. Down on line 49. Down on line 49. For example. Yes, that's where she starts. Exactly. It may compute a ratio between the capacitive measurements. That's one alternative. They may determine whether the capacitive measurements are within a predetermined value of each other. That's a second alternative. Nowhere does that equate computing a ratio with a subtraction operations. In fact, if you go down to the very bottom, capacitive measurements and now I'm at line 64, may be considered equal when they are within a predetermined percentage value. And a percentage is a ratio. A percentage is basically dividing one besides the other. And here's the key word is or. Or absolute value from each other. That's subtraction. They don't equate them. They actually say they're different. They say they're alternatives. They use the word or. On the next, flipping over to Column 19, I'm at line 28. And starting at the line 30. That is if the capacitance ratio is approximately equal to unity. Again, we're talking about ratio, division. Or alternatively, if the capacitance measurements are approximately equal to one another, which I believe is subtraction. Again, we use the word, Zircon used the word alternatively. That is the disjunctive. That is saying these are different. It's saying that ratio is not the other thing. The specification actually compels that ratio cannot cover subtraction. And now they're trying to say that the disclosure of both equates them. That's flat out wrong because the specification itself undercuts that. The prosecution of history does the same thing. They started out with, to be perfectly honest, a great claim that said comparing. The claim broadly covered all forms of comparing. Then they got this search report and they filed an amendment saying reciting an information disclosure statement without much more explanation than that. And they surrendered that claim. They basically took claim one and subordinated it to claims that covered ratio. Anyone reading that prosecution in history understands they gave up extremely broad coverage in favor of a claim that had extremely narrow coverage. Do you know what that search report disclosed? It disclosed a reference that was labeled as an X, which means it's anticipatory. It did actually have, well, we're straying outside the record. It was not a disputed point. I do know what's in it. It had an equation, to be perfectly honest, I think I wrote it back, that had some component of subtraction in the comparison. And then it was, I've got to be honest, we didn't really litigate this issue below, but I do know what was in it. So I don't really want to stray, but I want to answer the question. I don't want to stray too much on that because that's really not part of the record here. But the fact of the matter is it really doesn't matter because under the law of this court, the obligation is on Zircon to prove that was not related to patentability. We don't have to, as Stanley explained, why the amendment was made or not. The presumption is on Zircon to make the explanation. In fact, I could sit here in pure silence and say nothing, and the obligation would be on them to explain why it was made. That's how the prosecution of history estoppel law works. Turning to this somewhat of a dependent claim argument, the way the claim was drafted here, it's really you follow the prosecution of history. They gave up all forms of comparing. I'm not really entirely sure how to explain what claim, why Claim 21 is what it is, but the way it should be read in accordance with Section 112, Paragraph 4, is that it adds a further limitation. It adds a subtraction operation in addition to the computing a ratio operation. It doesn't change the definition of ratio. And, in fact, if you were to use it to change the definition of ratio in order to import any consistency between those two claims, you create inconsistency across many, many other claims because they include a lower boundary on a range. But that does render the claim somewhat unintelligible, does it not? If you need division and subtraction. But somewhat of the Chef America case where the court construed a claim to actually, I think, burn pizza dough to a charcoal briquette, the court doesn't redraft claims to make them intelligible. If the claim is not intelligible, that really is a result that's a problem for Zircon, not the rest of the public. But the plain, it actually is not unintelligible when you think about it. You can have a device that divides and subtracts for whatever reason, a fall back, a redundancy. They can co-exist. Unlike the Ranbaxy case, that was a section 112 paragraph 4 case, where there were two salts that they couldn't co-exist. They were mutually exclusive, and this court had to invalidate the claim. This is something, where the processor could run both operations, whether to be more accurate, precise, whatever reason they would like to do it, the claim actually is technically a sound claim. You understand these interpretations. And with that ratio interpretation issue, really everything in this case falls back into place. The disclosure dedication rule, Zircon doesn't dispute that subtraction is disclosed, and nobody disputes that's the operation that Stanley uses in its device. Prosecution history estoppel falls into place, because ratio, it can't be the same as comparing. That was a change in narrowing in scope. Unless there are any more questions, I'm prepared to wrap up my argument. That's fine, Mr. Collins. Thank you, Your Honor. I want to get back to column 14 and the specifications. Stanley wants to argue that computer ratio itself means division, and I hope we've established today that it's our position that that's a separate element from the methodology used to compare the capacitance. And I think if you look at column 14, it's showing you computer ratio encompasses both proportionate value and absolute value, and it's contemplating that that broader computer ratio step is going to contemplate different methods through comparison or whatever other steps are in there, including lookup tables in the claims. If you go to the claims and you look at the claims where there's a numeric range, say, for instance, claim 17, it depends on 10, and then it gives you a range which results in .9 to 1. In that instance, computing a ratio under our definition would make sense, because you're, in the broadest sense, finding the relationship. And then in claim 17, it's not the dependent back on claim 10 that tells you to divide. It's the fact that the range results in .9 to 1, which we've all established requires division to get there or proportion of some sort. It would be the same thing with claim 23, for instance. There, since we're generating a ratio of approximately 1. In those instances, it's that second step, that second element, independent from computer ratio, that's telling you to divide. And that's the way you construe this claims, the specification and the prosecution history, so that they are consistent and they harmonize. This is not a case where you have to rewrite the patent for it to make sense. This is a case where you only have to rewrite the patent for it to make sense if you adopt Stanley's construction. There is a dictionary definition that works here. It's just not the one that Stanley wants. Just real quickly, on the amendment, the burden doesn't shift to us, and there's no prosecution history estoppel unless we actually gave up something. Unless there's a limitation, there's something we've surrendered. In walking through what I see as the change in those claims, I don't see that we gave up anything we're talking about today. We didn't give up. There is a dedication rule, though. If you've got subtraction and specification but not the claims, it's gone. If you accept Stanley's construction. Right. Under our construction, that would not apply. Unless the Court has any further questions? Thank you, Your Honors. Thank you. We'll take the case under advisement. All rise.